# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | | |
|---|---|---|
| Eddie Thomas Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:02-1756-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Rusty Parrish, in his personal and official capacity, | ) | **ORDER** |
| Sheriff William C. Simmon, in his personal and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 21, 2002, Eddie Thomas Jackson ("plaintiff") commenced this pro se action under 42 U.S.C. § 1983. On March 9, 2004, the Court granted the defendants' motion for summary judgment and dismissed this action. The plaintiff appealed. On May 17, 2004, the Fourth Circuit Court of Appeals affirmed the court's judgment. On June 9, 2004, judgment was entered. On May 17, 2006, the plaintiff filed a motion to reopen the case and vacate judgment pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure. This matter is before the Court for disposition.

Rule 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. United States v. Hartwell, 448 F.3d 707, 722 (4th Cir. 2006). This court had original jurisdiction over this action because it arose under 42 U.S.C. §1983. 42 U.S.C. §1331. The Fourth Circuit Court of Appeals narrowly construes the concept of void under Rule 60(b)(4) precisely because of the threat to finality of

judgments; "only when the jurisdictional error is egregious will the courts treat the judgment as void." Id.  The plaintiff has neither stated nor shown any egregious jurisdictional error.

Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief." The plaintiff has not articulated any reason justifying the relief that he seeks.  Rather, he has merely expressed his disagreement with the court's decision.  Rule 60(b) does not authorize relief when the motion is nothing more than a request that a district court change its mind. United States v. Williams, 674 F.2d 310-312-13 (4th Cir. 1982).

In addition, the plaintiff's motion is not timely.  Such a motion must be "made within a reasonable time."  Fed. R. Civ. P. 60(b).  The plaintiff moved for relief on May 17, 2006, two years after the Fourth Circuit Court of Appeals issued its opinion affirming the district court's judgment.

The plaintiff's motion is denied.


**AND IT IS SO ORDERED**.

*C. Weston Houck*
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 9, 2007
Charleston, South Carolina